UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>v.<br><br>TIMOTHY JOSEPH LEIWEKE,<br><br>    Defendant. | Criminal No. 1:25-CR-00344 ADA |

### UNITED STATES' RESPONSE TO DEFENDANT'S
### BRIEF ON PROPOSED SCHEDULING ORDER (DKT. NO. 51)

The United States hereby responds to Defendant's Brief on Proposed Scheduling Order, Dkt. No. 51, filed on October 27, 2025. The parties agree on most of the deadlines in the Proposed Scheduling Order. *See* Dkt. No. 50. The parties were unable to agree on deadlines for (1) pretrial motions, (2) Rule 404(b) disclosures, and (3) *Giglio* discovery. As detailed below, the Government's proposals are each reasonable and provide Defendant with more time than defendants typically receive. The Government asks the Court to adopt its proposed deadlines.

1. **THE GOVERNMENT'S PRETRIAL MOTIONS DEADLINE IS REASONABLE**

Under this District's Local Rules, pretrial motions are typically due fourteen days—***two weeks***—after arraignment. *See* Rule CR-12. There is good reason for that relatively short turnaround time. Pretrial motions, such as a motion to dismiss the indictment for failure to state an offense, present issues of law, not of fact. *See United States v. Miller*, 491 F.2d 638, 647 (5th Cir. 1974). Once defendants are arraigned, they generally have what they need to file a motion to dismiss: the allegations against them. *See generally United States v. Crow*, 164 F.3d 229, 234 (5th Cir. 1999) (in evaluating a motion to dismiss an indictment, the court is required to accept as true the factual allegations in the indictment); *United States v. Mann*, 517 F.2d 259, 266-67

1

(5th Cir. 1975) ("A defendant may not properly challenge an indictment, sufficient on its face, on the ground that the allegations are not supported by adequate evidence."). Prompt briefing of pretrial motions also ensures that the presiding court has adequate time to review and decide potentially dispositive motions, while also avoiding unnecessary delays in trial.

Here, Defendant was arraigned on July 21, 2025. Dkt. No. 17. Under standard practice, he would have been expected to file pretrial motions within fourteen days, by August 4. Despite that standard practice, the Government proposes that he file pretrial motions by November 28, which is ***over four months*** after he was arraigned. By contrast, Defendant asks that he have until February 9, 2026, which is 203 days, or ***over six months***, after arraignment. Defendant identifies no legal or factual justification for such a substantial delay.

Defendant's proposed deadline also creates a substantial risk that this Court will not have adequate time to evaluate and decide the pretrial motions. Defendant's briefing schedule would conclude on March 16, 2026, which provides the Court with just 49 days (seven weeks) to evaluate, decide, and write any necessary opinions regarding such motions before trial commences. In contrast, the Government's proposed deadline promotes judicial efficiency by requiring Defendant to raise, and the Court to address, potential defects in the Indictment before the parties devote significant resources to final trial preparation.

### 2. THE GOVERNMENT'S RULE 404(b) DEADLINE IS CONSISTENT WITH THE RULE

Under Rule 404(b), the government must provide the defendant with "reasonable notice" of evidence "so that the defendant has a fair opportunity to meet it." Fed. R. Evid. 404(b)(3). Courts have held that mere weeks or even days of notice before trial is sufficient. *See*, *e.g.*, *United States v. Crawford*, No. 4:18-CR-104, 2019 WL 2077035, at *1 (N.D. Miss. May 10, 2019) (Rule 404(b) deadline three weeks prior to trial); *United States v. Expose*, No. 06-92, 2007 WL 956584,

2

at *3 (E.D. La. Mar. 28, 2007) (deadline of Friday before trial); *United States v. Falkowitz*, 214 F. Supp. 2d 365, 393 (S.D.N.Y. 2002) (two weeks before trial sufficient in case involving four defendants and nine counts); *United States v. O'Malley*, No. 1:20-CR-395, 2022 WL 2187126, at *1 (N.D. Ohio June 17, 2022) ("Courts have held that time periods of less than one month prior to trial fall within the realm of what constitutes 'reasonable notice' under Rule 404(b).") (collecting cases).

Here, the Government proposes that it provide Rule 404(b) notice by March 3, 2026, which is **over two months** before trial. Simply put, that is more notice than a defendant typically receives, and it is more than sufficient time.

3. **THE GOVERNMENT'S PROPOSED *GIGLIO* DEADLINE GOES ABOVE AND BEYOND ITS OBLIGATIONS**

There is no pre-trial right to *Giglio* material. *See*, *e.g.*, *United States v. Ruiz*, 536 U.S. 622, 625 (2002) (defendant is not entitled to *Giglio* material before entering a guilty plea); *United States v. Mohamed*, 148 F. Supp. 3d 232, 245–46 (E.D.N.Y. 2015) ("There is no pre-trial right to *Giglio* material, which specifically concerns impeachment."); *United States v. George*, No. 17-201, 2019 WL 11865093, at *2 (E.D. La. Oct. 30, 2019) (noting that allowing "early production" of *Jencks* or *Giglio* is "discretionary"); *United States v. Salyer*, 271 F.R.D. 148, 151-52 (E.D. Cal. 2010); 18 U.S.C. § 3500(b) (*after a government witness has testified*, and upon motion by the defendant, the government must produce any statement by that witness relating to the subject of the witness's testimony). Accordingly, courts often permit the Government to make *Giglio* productions relatively close to trial. *See*, *e.g.*, *United States v. Harris*, 349 F.R.D. 614, 619-20 (E.D. La. 2025) (government's agreement to provide *Giglio* materials three weeks prior to trial was "actually far more favorable than the general practice in this district, which is to wait . . . until the Friday before a trial starting on Monday"); *United States v. Mariani*, 7 F. Supp. 2d 556, 564 (M.D. Pa. 1998)

(approving government's representation to turn over *Giglio* seven days before trial). That timeline makes good practical sense, as the information to be disclosed relates to impeaching witnesses *at trial*, and the Government has often not determined with certainty who its witnesses will be until close to trial.

Here, the Government proposes that it produce *Giglio* materials by April 3, 2026, which is one month before trial—and also the previously agreed-upon deadline for the production of *Jencks* material. Such a timeline goes beyond what is legally required and is more than sufficient.

4. **DEFENDANT'S REQUEST FOR ORAL ARGUMENT ON NOVEMBER 12, 2025 IS MOOT**

Finally, Defendant has asked the Court to (1) cancel the November 7, 2025, status report deadline; and (2) use the upcoming November 12, 2025, status conference for oral argument on his pending discovery motion. *See* Dkt. No. 51. The Government does not object to canceling the status report and takes no position as to whether the Court should proceed with the status conference. Considering this Court's October 29, 2025 Order denying Defendant's discovery motion, Defendant's request for oral argument at the status conference is now moot.

Respectfully submitted on October 29, 2025.

By:   /s/ Ryan D. Budhu

RYAN D. BUDHU
NY State Bar #: 5285317
Trial Attorney
Antitrust Division
U.S. Department of Justice

201 Varick Street, Room 1006
New York, NY 10014
Phone: (212) 824-1289
Ryan.budhu@usdoj.gov