UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

FILED
November 04, 2025
CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY: _____kf_____
     DEPUTY

| | |
|---|---|
| **UNITED STATES OF AMERICA,** § § | |
| **Plaintiff.** § § | |
| v. § § | Criminal No. 1:25-CR-00344 ADA |
| **TIMOTHY JOSEPH LEIWEKE,** § § § | |
| **Defendant.** § | |

## AMENDED PROTECTIVE ORDER

Considering the United States' Motion to Amend Protective Order governing the disclosure of case materials, which the Defendant Timothy J. Leiweke has consented to through counsel, and the Court having found that good cause exists for the requested amendment of the Protective Order so as to add the final two sentences to Paragraph 2 as stated herein, the remainder of the Protective Order being unchanged, it is therefore ORDERED that the Motion is granted and the Protective Order is superseded by this amended Protective Order as set forth below:

1. This Order applies to: (a) all the materials produced or made available by the United States to the Defendant in this case in discovery and otherwise, in any format, including documents disclosed pursuant to Title 18 United States Code Section 3500; Federal Rule of Criminal Procedure 16(a); *Brady v. Maryland*; and/or *Giglio v. United States* (collectively, the "Protected Materials"); and (b) all the materials produced by the Defendant in this case in discovery (the "Defense Protected Materials").

2. The Protected Materials may be reviewed by Defendant and Defense Counsel and shall be used by Defendant, his Defense Counsel, and Defense Counsel's agents, only for the purposes of the defense of, and the pursuit of any appeals in, this criminal case. The term "Defense

Counsel" means the full-time, part-time, and contract employees of Defendant's counsel of record in this case (or other counsel working with counsel of record, and their employees) including secretarial, clerical, paralegal, student personnel, and litigation support vendors retained by Defendant or on his behalf in connection with this case (e.g., vendors that provide services such as photocopying, videotaping, translating, preparing exhibits or demonstratives, or organizing, storing, or retrieving data in any form or medium) and the employees and subcontractors of those vendors. To the extent that Protected Materials are shown or provided to additional persons consistent with the terms set forth below, those additional persons may use the documents only for the purposes of this criminal case, including any appeals. Pursuant to Federal Rule of Evidence 502(d), the Department of Justice's disclosure of Protected Materials shall not constitute a waiver of any work-product protections or other privileges that may apply in this case or in any other state or federal proceeding. By this paragraph, the defense is not agreeing that any Protected Materials are in fact protected by any work-product protections or other privileges; the defense reserves the right to challenge any claim of work-product protection or other privilege; and the defense also does not waive any claim to receive discoverable materials, or to Brady, Giglio, and their progeny in this case, but the defense will not claim that production is a waiver.

3. Protected Materials:

   a. Shall not be distributed or disclosed in any form by the Defendant or Defense Counsel, such as, via social media platforms (e.g., X (formerly Twitter), YouTube, Facebook, Snapchat, etc.), via interviews with journalists, or by any other means, except as set forth in Paragraph 3(b) below;

  b. May be distributed or disclosed only by the Defense to the following persons:

    i. Potential witnesses (including potential expert witnesses), investigators, consultants, or advisers who are engaged by Defendant or on his behalf in connection with this case, provided that beforehand such persons are advised of this Protective Order;

    ii. Counsel for potential witnesses (when such individuals are represented by counsel) in connection with interviews or other communications by Defense Counsel in the course of investigating or defending the case provided that beforehand such counsel are advised of this Protective Order;

    iii. Participants in a focus group or mock jury or similar exercise who have acknowledged in writing their agreement not to use the Protected Materials for any purpose other than such exercise, and who shall not be permitted to retain any copies of the Protected Materials; and

    iv. Such other persons as hereafter may be authorized by the Court upon motion by the Defendant, upon such terms as the Court may determine.

4. When sharing Protected Material with witnesses or potential witnesses, or their counsel, or potential or actual experts, consultants, or others in the service of the defense, Defense Counsel shall advise that the Protected Materials are covered by this protective order.

5. The provisions of this Protective Order shall not be construed as preventing the disclosure of any information in any conference, hearing, motion, trial, or sentencing proceeding held in this case.

6. The terms of this Protective Order shall not apply to documents or information obtained by Defendant from a source other than the Protected Materials. To the extent that the Government's discovery contains documents that are also publicly or otherwise available (without fault of Defendant), nothing in this Order shall restrict the use of such documents.

7. Defendant and Defense Counsel will abide by the restrictions set forth in this Protective Order unless Defendant or Defense Counsel makes a written request to the Government for an exception to these restrictions, and such a request is granted, and the Court is so notified. The Government shall make all reasonable efforts to accommodate such exceptions. If the parties cannot reach an agreement on such a request, Defendant may seek relief from the Court.

8. In the event Defendant or Defense Counsel become aware of an inadvertent disclosure of Protected Materials in violation of this Order, Defendant and Defense Counsel must use reasonable efforts to secure the return or certified destruction of the Protected Materials inadvertently disclosed. If, after a reasonable amount of time, return or certified destruction has not occurred, Defense Counsel must notify the Court and the Government.

9. Defense counsel will make the Defendant aware of this protective order.

10. Defense Protected Materials:

   a. The Government's use of the Defense Protected Materials is subject to the same restrictions that govern Defense Counsel's use of the Protected Materials, except as is necessary for the Government to comply with its discovery obligations or other legal duties.

11.    This Order shall survive the final termination of this action. Upon termination of this action and upon termination of any appeal, the Government may move for an order that Defense Counsel shall, within 60 days, return all copies of the Protected Materials to the United States, or shall provide written certification that the Protected Materials have been destroyed. The Defense would then explain whether there is any reason to oppose such a motion, for example, whether the existence of any then-pending litigation warrants opposition.

12.    Nothing contained in this Order shall preclude any party from applying to this Court for further relief or for modification of any provision hereof.

IT IS SO ORDERED.

**SIGNED** on ___November 4, 2025___

_____
SUSAN HIGHTOWER
United States Magistrate Judge