```
                    IN THE UNITED STATES DISTRICT COURT
              FOR THE WESTERN DISTRICT OF TEXAS (AUSTIN)

UNITED STATES OF AMERICA,     .  Case No.: 1:25-CR-00344-ADA
                              .
          Plaintiff,          .
                              .  **VIA ZOOM VIDEOCONFERENCE**
      vs.                     .
                              .
TIMOTHY JOSEPH LEIWEKE,       .
                              .
          Defendant.          .  Wednesday, November 12, 2025
. . . . . . . . . . . . . . . .  10:00 A.M.

     TRANSCRIPT OF STATUS CONFERENCE VIA ZOOM VIDEOCONFERENCE
            BEFORE THE HONORABLE SUSAN HIGHTOWER
            UNITED STATES MAGISTRATE COURT JUDGE



APPEARANCES:

For the Government:     United States Department of Justice
                        Antitrust Division
                        BY: RYAN BUDHU, ESQUIRE
                            CONOR BRADLEY, ESQUIRE
                            JOHN DAVIS, ESQUIRE
                            SHIRIN MAHKAMOVA, ESQUIRE
                        201 Varick Street, Room 1006
                        New York, New York 10014

For the Defendant:      Gerger Hennessy Martin & Peterson LLP
                        BY: DAVID GERGER, ESQUIRE
                        700 Louisiana Street, # 2300
                        Houston, Texas 77002

Deputy Clerk:           Kyra Kelley
                        United States District Court
                        501 West Fifth Street
                        Austin, Texas 78701

Transcription Service:  Liberty Transcripts
                        9107 Topridge Drive
                        Austin, Texas 78750
                        (847) 848-4907
                        DBPATEL1180@GMAIL.COM


Proceedings recorded by electronic sound recording;
transcript produced by transcription service.
```

1    **AUSTIN, TEXAS, WEDNESDAY, NOVEMBER 12, 2025, 10:00 A.M.**

2              THE COURT:  Good morning, everyone.  Let me just

3    ask, it looks like for the Defense, we have Mr. Gerger.

4    Correct?

5              MR. GERGER:  Yes, Your Honor.  Good morning.

6              THE COURT:  Okay.  And you can -- good morning.

7    And you can see and hear me?

8              MR. GERGER:  Yes, Your Honor.  Thank you.

9              THE COURT:  Coming through just fine.  And before

10   we call the case, I'll ask for the Government, I don't know

11   if everyone's going to speak, but if it's just Mr. Budhu, can

12   you see and hear me, as well?

13             MR. BUDHU:  I can hear you.  And Mr. Bradley will

14   also be speaking for the Government, as well.

15             THE COURT:  Okay.  I'm going to do a little mic

16   check there, Mr. Bradley.

17             MR. BRADLEY:  (No audible response).

18             THE COURT:  I'm not hearing you.

19      (Pause)

20             MR. BRADLEY:  How about now?

21             THE COURT:  We can hear you now.  Very good.

22             I'll just say this is why I prefer the in-person

23   hearings, but Mr. Budhu, we do have a particularly attractive

24   backdrop there in that corner, so.

25             MR. BUDHU:  Thank you for the compliment, Your

1    Honor.

2              THE COURT:  Okay.  So I think we're ready to go

3    ahead and I'll ask the courtroom deputy to please call the

4    case.

5              THE CLERK:  The Court calls Case 1:25-CR-00344,

6    United States of America versus Timothy Joseph Leiweke for a

7    status conference.

8              THE COURT:  Thank you so much.  And I'll ask

9    counsel for the Government to please go ahead and make their

10   announcements for the record.

11             MR. BUDHU:  Good morning, Your Honor.

12             Ryan Budhu for the United States.  I'm also joined

13   by my colleagues, John Davis, Shirin Mahkamova, and Conor

14   Bradley.

15             THE COURT:  Thank you, Mr. Budhu.

16             And for the Defense?

17             MR. GERGER:  Good morning, Your Honor.

18             I'm David Gerger for Timothy Leiweke.

19             THE COURT:  Thank you so much.

20             So I think that we're going to be very brief today.

21   We had this status conference had been set and I think all we

22   need to do is, from my perspective at least, is to address a

23   couple of disputed deadlines in the joint proposed scheduling

24   order.  So I think those are the motions deadlines in

25   Paragraph 6, which are opening motion, response reply, and

1  then then Paragraphs 10 and 11, the Giglio material and the

2  404(b) evidence.

3       So I wanted to give -- I can tell you what I'm

4  tentatively proposing to do, and you may like it, but I'll

5  certainly hear arguments from counsel if there's anything

6  that they want to change.  So on Paragraph 6, we do run in

7  with the motions deadlines and even with some of the

8  proposals from the parties.  We run afoul of the holidays to

9  some extent.

10      So what I wanted to suggest was that in Paragraph

11  (a), 6(a), the parties shall file pretrial motions by -- and

12  all pretrial motions by December 5th.  The proposed date of

13  November 28th is the day after Thanksgiving which seems a

14  little bit unfortunate.  And then that would be responses, I

15  think you have generally asked for three weeks to respond and

16  two weeks for reply which would be fine, except again that

17  would put you at -- if you take the December 5th date, that

18  would put you right I think December 26th which is also

19  likely to be a court holiday but maybe folks on the line will

20  be working.

21      But I would propose a little bit longer response

22  date until after the holidays by January 9th of next year.

23  And then the reply, with that two-week period, of January

24  23rd.  So why don't we start there and I'll see if the

25  Government has any argument that you'd like to make on doing

1   something different than the December 5th deadline for all

2   motions.  Mr. Bradley?

3            MR. BRADLEY:  Thank you, Your Honor.

4            The Government is amenable to the deadlines you

5   proposed.  As we stated in our briefing on the issues we

6   proposed in the November 28th deadline, we're obviously

7   cognizant of the fact that that is the day after

8   Thanksgiving.  And so the Government, to the extent that the

9   Court is amenable to the December 5th deadline and is

10  proposing that deadline, the Government would agree with that

11  proposal.  And to the extent the Defendant has any objections

12  to that proposal, we'd like the opportunity to respond here

13  if that's possible.  Thank you.

14           THE COURT:  Okay, thank you.  And I didn't say at

15  the outset that of course the trial is set for May 4th of

16  next year.  So all of these deadlines I'm looking at with

17  that date in mind.

18           So Mr. Gerger?

19           MR. GERGER:  Yes, Your Honor.  Thank you.

20           I do want to explain why I would ask you for an

21  extension of that date.  And if I can start, I would say it's

22  a very complex case.  It was a long investigation by the

23  Government.  I am new to the case.  And to our credit, we are

24  working through a lot of discovery issues without bringing

25  them to the Court.  Only three months ago, we started getting

1   discovery.  We're up to 7.1 million pages.  We expect to get

2   more discovery this month.

3          We have raised many issues with the Government

4   about the discovery that we have so far, things that are

5   missing.  They have agreed to help us.  That has not been

6   completed yet because it takes time.  So I wanted to start

7   with that, both to tell you that we are working through

8   issues without bringing them to the Court and it is a massive

9   volume of discovery.

10         That leads me to motions because it's prudent for

11  us to get a chance to look at a good deal of discovery before

12  filing motions.  There are some motions we file where the

13  Government says you should look in discovery before filing

14  that motion.  Motions require, in this case, a lot of

15  investigation.  I don't even know if we have motions to

16  suppress.  That's going to require some discussion with the

17  Government.  I would require investigation.

18         I do know that we are working on some very serious

19  motions to dismiss.  I can mention one of them and why it

20  needs more time because we've already referenced this case in

21  our motions so far.  The latest and greatest word on a

22  bid-rigging law comes out of a case called <u>Brewbaker</u> in the

23  Fourth Circuit.  And <u>Brewbaker</u> was a case that a motion to

24  dismiss was denied, the case went to trial, it was a

25  conviction.  In a motion to dismiss, the defense had tried to

1  put in an expert declaration.  That was not considered by the

2  district court.

3        On appeal, the Fourth Circuit reversed and said the

4  defense was entitled to present that, and the court should

5  have considered that expert declaration.  The Fourth Circuit

6  went on to consider the expert declaration and dismissed the

7  case.  So we are interviewing experts.  This case is, we

8  believe, fits within that paradigm with the Brewbaker case.

9        And, Your Honor, I would really ask you to allow us

10 until next year and even as this compromise, Your Honor, with

11 the schedule you laid out, if you allowed us to file motions

12 in early January, which will be a real push for us, and then

13 three weeks and two weeks, that would not put the briefing

14 deadline much past the 23rd of January which is what the

15 Court has proposed.  I don't know what other issues we're

16 going to have.  We have contemplated that we will need to

17 send out Rule 17 subpoenas.  The Government has no objection

18 to that.

19        And, Your Honor, we're shooting for May 4th, but if

20 it turns out that our motions are good and there's more work

21 to be done, one motion certainly could be a motion for

22 continuance.  So I would ask for you to please give us until

23 next year for motions because it's going to take time to

24 write good motions and we want them to be good.

25        THE COURT:  Okay, thank you, Mr. Gerger.  And I

1   know Mr. Bradley has more he wants to say, but I do need to

2   balance out the timing of the trial date and considering that

3   the indictment is already -- it was from early July.  I

4   believe it's already several months old.

5           But with that in mind, you made some good points,

6   Mr. Gerger.  Let me ask Mr. Bradley then, what would be the

7   Government's position to starting up and taking the response

8   deadline that I laid out or proposed, January 9th of next

9   year, and then just doing, because then you're through the

10  holiday season in general and then just doing the three

11  weeks, two weeks from that which would put you just a couple

12  of weeks after the schedule that I proposed?

13          So that would be January 9th.  I'm looking at my

14  calendar.  Response is due January 30th, and reply is

15  February 13th.  What would be the Government's position on

16  that?  And that's for all motions.

17          MR. BRADLEY:  Thank you, Your Honor.

18          The Government would -- a couple of response to

19  Mr. Gerger's points, which I think will illuminate our

20  position on the after the holidays date of January 9th.  The

21  response is in two buckets.  The first is, as a legal matter,

22  the Defendant has had the allegations in the indictment

23  against him, as you noted, Your Honor, since July.  The

24  pretrial motions will deal -- will be challenges to the

25  indictment and the allegations and it will be -- the four

1   corners of the indictment will be -- the challenges will be

2   limited to the four corners of the indictment, which the

3   Defendant has had for four months.

4         No matter whether he needs to hire an expert,

5   Brewbaker was decided I believe in 2023.  And so the

6   Defendant has had Brewbaker and the indictment and had time

7   to prep those challenges for many months now.  Second, as a

8   practical matter, the Government is concerned about delaying

9   any pretrial motion deadlines any further because it could

10  potentially put the trial date in jeopardy.  As Defendant

11  noted, this case is complex, raises complex issues of facts

12  and law.

13        The Court will need time to evaluate Defendant's

14  motions, and Defendant's proposal of a post-holidays date

15  raises the possibility that if the motions are -- the

16  briefing schedule ends in the middle of February, the

17  beginning of March, the trial date may be in jeopardy or the

18  Court may be on an extremely expedited timeline deciding

19  motions that raise complicated issues.

20        The Government would propose -- so for those

21  reasons, the Government would propose a compromise deadline

22  of December 19th for the initial deadline for pretrial

23  motions and then a response date of January 23rd and,

24  finally, a reply date of February 6th.

25        MR. GERGER:  So if I might speak, Your Honor?

1              THE COURT:  Go ahead.

2              MR. GERGER:  So that's a one-week difference in the

3    briefing calendar.  And we're proposing, and while I really

4    believe February will make for better motions, and as I've

5    said, we don't even know all of the motions until we look at

6    discovery, what the Government just proposed makes a one week

7    difference.  And I'm just reiterating for the Court, I can

8    talk about another motions that we have had a constitutional

9    expert now start to look at.

10             The statute here is not a very clear statute.  And

11   when you look at the case law for the last 135 years, it goes

12   back and forth and reverses itself.  And so this is not a

13   familiar or easy area of the law to write a motion to dismiss

14   on.  And we think we have good motions, and they're

15   complicated, Your Honor.  So given now that we're down to a

16   one-week difference, all I can say, Your Honor, is for us to

17   write good motions, we need that time because we also have to

18   look at discovery and work those things out.

19             So if I can't have February, I would ask you please

20   to give us till January.  And instead of giving the

21   Government five or six weeks to reply to account for the

22   holidays, let's start our briefing right after the holidays.

23             THE COURT:  Yeah, I think we've heard a few

24   different proposals.  And obviously, as you know in my

25   position here today as a magistrate judge, I'm setting this

1  briefing schedule.  I would not be in any position to comment

2  on whether the trial date may be extended.  That would be

3  before Judge Albright.  And that would be -- I'll just leave

4  it at that.  I mean, that would be something that you would

5  have to take up with him.

6        But I think considering all of the different

7  proposals and the discussions that we've talked about today,

8  the length of the case, and particularly I am concerned about

9  the length of time between the filing of the motions and the

10  early May trial date.  I think then what I am going to order

11  is to accept -- and, again, this is still a compromise

12  position among what counsel have proposed -- a motion

13  deadline of December 19th.  And I think that response

14  deadline, we would go ahead and stick with the three weeks

15  for that because that still puts your response at January

16  16th -- well, excuse me, is that the --

17        MR. BRADLEY:  I'm sorry, Your Honor.  I'm pulling

18  up --

19        THE COURT:  Yeah.

20        MR. BRADLEY:  -- my calendar, as well.

21        THE COURT:  I'm looking at the calendar, as well.

22  We're both -- so December 19th.  That's four weeks, so I

23  think January 16th is ample time.  And then the reply would

24  be January 30th.  That allows three months between the end of

25  briefing and the trial date.  And that's tight for the Court,

1   but I think that will address all of the concerns that

2   counsel have on both sides of the case.

3          So the next question that we need to take up is

4   Paragraph 10, the Giglio disclosure, and then Paragraph 12,

5   the Rule 404(b) evidence.  And I think March 3rd, 2026 would

6   be appropriate for each of those.  That's the Defendant's

7   position for the Giglio material and the Government's

8   position for the Rule 404(b) evidence.  So I'd like to hear

9   if there's anything, any reason that that won't work or any

10  problem that the Government would have with either of those

11  dates.

12          MR. BRADLEY:  Thank you, Your Honor.

13          As to the Rule 404(b) deadline, as you noted,

14  that's what we've proposed.  As to the Giglio deadline, we

15  proposed a deadline of April 3rd for a couple of reasons.

16  Most importantly, as we noted in our briefing, the Giglio

17  disclosures are related to the Government's witnesses at

18  trial, impeaching the Government's witnesses at trial.  So it

19  makes sense to tie that deadline to the disclosures closer to

20  trial when the Government has a better idea of its trial

21  strategy and its formulation of witnesses and who is going to

22  appear.

23          And so that's why we proposed a deadline of April

24  3ed, which is exactly almost a month before trial, and oppose

25  the Defendant's proposed deadline of March 3rd which is two

1  months before trial and, in that month, obviously trial

2  preparation will take place.  That will allow us to better

3  know what Giglio disclosures need to be made.

4          THE COURT:  Thank you, sir.

5          Mr. Gerger?

6          MR. GERGER:  Yes, Your Honor.

7          We obviously disagree with that position.  And of

8  course, in light of the previous argument we just had, a

9  404(b) deadline, when we get 404(b) material, usually, it's

10 going to require a whole investigation.  It could be an

11 entirely different transaction.  Obviously, it's not

12 intrinsic, so it's extrinsic.  And so that's why we asked for

13 an earlier 404(b) deadline if the Government is aware of such

14 evidence.

15         And so, our request is if they are planning 404(b)

16 evidence, to let us know that early.  If they decide or

17 discover something after that, of course, they could bring

18 that up and try to raise it then.  But if they know of things

19 that they are going to use as 404(b), and they must because

20 they've investigated this case for well over two years,

21 that's why we asked for that deadline to be earlier than

22 March.

23         THE COURT:  Okay, thank you.

24         Well, it seems given the facts of this case, two

25 months before trial is an appropriate time for both of these

1  deadlines so I'm going to set them as I proposed.  And that's

2  all that I'm aware that we need to do during this status

3  conference today.  Is there anything else that the Government

4  would like the Court to take up before we adjourn today?

5          Mr. Bradley or Mr. Budhu?

6          MR. BUDHU:  Nothing from the Government.

7          THE COURT:  Either one.

8          MR. BRADLEY:  No, Your Honor, unless Mr. Budhu

9  disagrees with me.

10          MR. BUDHU:  I do not.

11          THE COURT:  Okay, thank you.

12          MR. GERGER:  Your Honor?

13          THE COURT:  Mr. Gerger?

14          MR. GERGER:  Could I beg for one accommodation

15  before the gavel comes down on motions?  And that is I'll be

16  begging you for days, and that is instead of the 19th, could

17  you give us till the following week, say for example, the

18  23rd of December because that would still give the Government

19  more than the three weeks for the response and I'm going to

20  need every day I can get to prepare good motions.  And could

21  you give us until even December 23rd, just a few more days?

22          THE COURT:  I think the deadline set is

23  appropriate, and it's five weeks from now.  So that's denied.

24          Anything else, Mr. Gerger?

25          MR. GERGER:  No, Your Honor.

1        THE COURT:  Okay.  Thank you very much.  Then I

2  appreciate everyone's attendance today, and we're adjourned.

3        MR. BUDHU:  Thank you, Your Honor.

4        THE COURT:  Good bye.

5      (Whereupon, at 10:19 a.m., the proceedings were

6  adjourned.)

7                        *   *   *   *   *

8

9

10

11

12

13

14

15                C E R T I F I C A T I O N

16      I, DIPTI PATEL, court-approved transcriber, certify that

17  the foregoing is a correct transcript from the official

18  electronic sound recording of the proceedings in the above-

19  entitled matter, and to the best of my ability.

20

21

22  _____

23  DIPTI PATEL, AAERT CET-997

24  Expires: December 6, 2026

25  LIBERTY TRANSCRIPTS              DATE:  November 20, 2025